Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Janet Brayer (117397)
LAW OFFICES OF JANET BRAYER
230 California Street, Suite 600
San Francisco, CA 94111
Telephone: (415) 445-9555
Facsimile: (415) 445-9541

Attorneys for Plaintiff
Kieran Buckley

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 13-30827 |
| DAVID WILLIAM BARTENWERFER and | Chapter 7 |
| KATE MARIE BARTENWERFER | Adversary Proceeding No. 13-03185 |
| Debtors. | **OPPOSITION TO MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| KIERAN BUCKLEY | **11 U.S.C. Section 523(a)(2)** |
| Plaintiff, | |
| vs. | |
| DAVID WILLIAM BARTENWERFER AND | |
| KATE MARIE BARTENWERFER | |
| Defendants. | |

Plaintiff Kieran Buckley ("Buckley") opposes Defendants' Motion to Dismiss (the "Motion") Buckley's Complaint to Determine Dischargeability of Debt (the "Complaint") and urges the Court to deny the motion.

///

OPPOSITION TO MOTION TO DISMISS     1

**INTRODUCTION:**

Defendants assert that while describing the "general relationship" among the parties, the Complaint fails to identify the statements Defendants made or the "timeframes" in which they acted. This assertion is particularly ironic given the fact that Defendants' bankruptcy and this adversary case followed a lengthy and contentious state court jury trial, which Defendants lost. Complaint ¶ 4. The Complaint essentially includes the same facts alleged and proved in the state court case. Therefore, for Defendants to plead ignorance of what are alleged to have done, or inability to discern the conduct upon which Buckley bases his claim is disingenuous. As discussed below, the Complaint provides plenty of allegations to establish Buckley's claim for relief, so the Motion should be denied.

**ARGUMENT:**

Defendants argue that they cannot determine what statements Buckley relied upon prior to purchasing the real property in question, and assert that the Complaint is too general in its descriptions. Defendants further assert that they cannot be expected to understand what Buckley is referencing and what representations or statements they made that Buckley asserts form the basis for their liability.

The Complaint, however, provides numerous examples of what Defendants represented - and what they did not disclose, both of which set the stage for their liability. For example, Paragraph 7 of the complaint alleges in part:

> Defendants... concealed information from Plaintiff, including but not limited to concealing that the work performed at the Property was not constructed in compliance with building codes, failed to disclose multiple leaks at the Property, failed to disclose the existence of mold and inadequate ventilation, failed to disclose to Plaintiff that work at the Property had not been performed in a workmanlike manner, failed to disclose that the work had been performed by unlicensed contractors or by Defendants themselves, and failed to disclose that the construction did not comply with building standards. Defendants represented that the work at the Property had been done by licensed contractors with permits and that only the final inspection needed to be completed. Defendants described the construction work at the Property as being "meticulous." Defendants did not disclose that all permits were still "open," and that there had been no electrical or plumbing "final" sign off despite the fact that all walls were closed at the time of sale.

Paragraph 8 then sets forth (not quoted here) a litany of defects Buckley discovered after he acquired the real property, which conditions were at odds with Defendants' representations and omissions noted in paragraph 7.

///

OPPOSITION TO MOTION TO DISMISS 2

Case: 13-03185   Doc# 7   Filed: 09/12/13   Entered: 09/12/13 17:26:38   Page 2 of 3

Similarly, paragraph 9 alleges as follows:

> Prior to Plaintiff's purchase of the Property, however, Defendants continually reassured and advised him that all work performed at the Property and all material installations had been fully inspected, signed off and approved by the City and County of San Francisco, and that Defendants had provided Plaintiff with a full and complete set of plans submitted to the City.

The Complaint then continues with the necessary allegations regarding Defendants' knowledge of the falsity of the representations or the fact that the failure to disclose was material to Buckley (¶10); that the representations were made to induce action by Buckley, namely, complete his purchase of the real property (¶ 11); Buckley's reliance on the statements or nondisclosures (¶ 12); and resulting damages (¶ 13).[1]

**CONCLUSION:**

Based on the above and on the Complaint, Kieran Buckley requests that the Court deny the Motion to Dismiss and require Defendants to file an answer within 14 days.

Dated: September 12, 2013　　　　　　　　LAW OFFICES OF STEPHEN D. FINESTONE

　　　　　　　　　　　　　　　　　　　　/s/ Stephen D. Finestone
　　　　　　　　　　　　　　　　　　　　Stephen D. Finestone
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

Opp to Motion to Dismiss.wpd

---

[1] The standards for a cause of action under Section 523(a)(2) are well-settled in the Ninth Circuit: The five elements, each of which the creditor must demonstrate by a preponderance of the evidence are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. [citations] *Turtle Rock Meadows Homowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)

OPPOSITION TO MOTION TO DISMISS　　　　3