Signed and Filed: September 23, 2013

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 13-30827 HLB |
| | ) | |
| DAVID WILLIAM BARTENWERFER and | ) | Chapter 7 |
| KATE MARIE BARTENWERFER, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| KIERAN BUCKLEY, | ) | Adv. Proc. No. 13-3185 HLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID WILLIAM BARTENWERFER and | ) | |
| KATE MARIE BARTENWERFER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TENTATIVE RULING RE DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

This case is before the Court on Defendants' Rule 12(b)(6) motion to dismiss (the "Motion to Dismiss"). The Court is inclined to deny the Motion to Dismiss for the reasons stated below.

Plaintiff seeks to except from Defendants' discharge $613,000 in damages allegedly caused by Defendants' fraudulent statements and omissions that induced Plaintiff to purchase real property. Defendants seek dismissal of the complaint because it "merely describes the general circumstances leading up to the sale of the property without dealing with any specific conversations that

Plaintiff allegedly had with Defendants," and "does not refer to any specific action or other behavior that would allow Defendants to understand what exactly is being referred to or referenced with the allegations." Defendants' argument is not well taken. Plaintiff states a claim for relief under 11 U.S.C. § 523(a)(2) because the complaint alleges: (a) a misrepresentation, a fraudulent omission,[1] or deceptive conduct by the debtor; (b) knowledge of the falsity or deceptiveness of debtor's statement or conduct; (c) intent to deceive; (d) justifiable reliance by the creditor on the debtor's statement or conduct; and (e) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 (9th Cir. 2001). Moreover, Plaintiff must only provide "a short and plain statement of the claim" for relief and each allegation "must be simple, concise, and direct," and Plaintiff is not required to allege the contents of specific conversations in the complaint. See Fed. R. Civ. P. 8(a)(2), (d)(1).

The Court finds the allegations in the complaint sufficiently detailed to survive the Motion to Dismiss. The parties litigated a state-court action arising out of the same transaction referred to in the complaint, and the complaint specifically references the verdict (and seeks to except that verdict from Defendants' discharge) that Plaintiff obtained against Defendants. See Docket No. 5, ¶ 4. Moreover, the complaint alleges that Defendants failed to disclosure material defects in the property, id. at ¶ 7, 8(a)-(i), and that Defendants continually assured Plaintiff that all

---

[1] A debtor's failure to disclose a material fact is a fraudulent omission under section 523(a)(2)(A) if the debtor was under a duty to disclose the fact and the debtor's omission was motivated by an intent to deceive. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 n.4 (9th Cir. 2001).

work performed on the property had been inspected and approved by the City of San Francisco, id. at ¶ 9. Defendants are well aware of what alleged misconduct Plaintiff is referring to in the complaint. Accordingly, the Motion to Dismiss based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8 should be denied.

Defendants also seek dismissal of the complaint because it does not comply with the heightened pleading requirement of Federal Rule of Bankruptcy Procedure 9(b). Specifically, Defendants contend that the complaint does not specify the date of the alleged representations, and does not specify which of the two Defendants (Mr. Bartenwefer or Mrs. Bartenwefer) made such representations. Defendants' argument is not well taken. First, Plaintiff is not required to set out specific allegations of time in the complaint. See Fed. R. Civ. P. 9(f); Wright & Miller Federal Practice and Procedure: Civil 3d § 1309 ("It should be understood that Federal Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when a pleader actually interposes them in a complaint or answer."). Defendants have not asserted that time is material in this action, and the Court does not believe that this is a case where a specific statement of time is required.

Second, under the circumstances of this case, Plaintiff was not required to specify which of the two Defendants made the alleged misrepresentations. This is so because Plaintiff obtained a state-court verdict against both Defendants, because both Defendants seek to discharge their liability to Plaintiff, and because at least part of Plaintiff's claim for relief is based

Case: 13-03185    Doc# 9    Filed: 09/23/13    Entered: 09/24/13 14:36:55    Page 3 of 4

1  Defendants' failure to disclosure material facts, which both

2  Defendants had a duty to disclosure to Plaintiff.  Accordingly,

3  Plaintiff's failure to identify which of the two Defendants made

4  the alleged misrepresentations does not cause the complaint to be

5  defective under section 523(a)(2).

6      To the extent that Defendants assert the complaint generally

7  fails to comply with Rule 9(b), this argument is also not well

8  taken.  The most basic consideration for a court in determining

9  whether a complaint satisfies the requirements of Federal Rule of

10 Civil Procedure 9(b) is whether the complaint provides adequate

11 notice to the adverse party and enables that party to prepare a

12 responsive pleading.  See Wright & Miller Federal Practice and

13 Procedure: Civil 3d § 1298.  The complaint in this case satisfies

14 this standard.  Accordingly, the Motion to Dismiss based on

15 Plaintiff's failure to comply with Federal Rule of Civil Procedure

16 9 should be denied.

17     The Court invites the parties to e-mail Law Clerk Brent Meyer

18 (brent_meyer@canb.uscourts.gov) to indicate whether they accept the

19 tentative ruling.  If both parties accept the tentative ruling, the

20 court will: (1) vacate the hearing set for September 26, 2013 at

21 2:00 p.m.; and (2) enter an order consistent with this tentative

22 ruling.

23              **END OF TENTATIVE RULING**

24

25

26

27

28