Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile:  (415) 398-2820
Email: sfinestone@pobox.com

Janet Brayer (117397)
LAW OFFICES OF JANET BRAYER
230 California Street, Suite 600
San Francisco, CA 94111
Telephone: (415) 445-9555
Facsimile: (415) 445-9541

Attorneys for Plaintiff Kieran Buckley

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID WILLIAM BARTENWERFER and<br><br>KATE MARIE BARTENWERFER<br><br>Debtors.<br>_____<br><br>KIERAN BUCKLEY<br><br>Plaintiff,<br><br>vs.<br><br>DAVID WILLIAM BARTENWERFER AND<br><br>KATE MARIE BARTENWERFER<br><br>Defendants.<br>_____ | Case No. 13-30827<br><br>Chapter 7<br><br>Adversary Proceeding No. 13-03185<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF KIERAN BUCKLEY FOR SUMMARY JUDGMENT**<br><br>**Date:** June 4, 2015<br>**Time:** 2:00 p.m.<br>**Place:** 235 Pine Street, Courtroom 23<br>　　　　San Francisco, CA |

   In the underlying California Superior Court litigation between Kieran Buckley ("Plaintiff") and Defendants David Bartenwerfer and Kate Bartenwerfer (collectively, the "Defendants"), the jury awarded and the trial court partially sustained an element of damages available only in fraud cases, despite Defendants' argument that this element of damages could not be awarded because there was no fraud. Plaintiff brings this motion for summary judgment because the issues of liability and damages have

MPA RE MOTION FOR SUMMARY JUDGMENT    1

already been adjudicated, so under well-settled principles of collateral estoppel, he is entitled to judgment as a matter of law against the Defendants.

I. STATEMENT OF FACTS

After taking possession of a residential property he purchased from Defendants after Defendants' remodeling of the property, Buckley discovered a myriad of problems. After unsuccessful efforts to resolve the dispute through mediation prior to litigation, Buckley filed a Complaint in the San Francisco Superior Court in August 2009 against Defendants (the "State Court Action"). As refined for trial, Buckley's claims against Bartenwerfer based were: (1) Breach of Contract; (2) Negligence; (3) Negligent Misrepresentation; (4) Intentional Fraud or Deceit; and (5) Seller non-disclosure of material facts.

As set forth in the accompanying Declaration of Janet Brayer, the litigation was extremely rugged, with Defendants (particularly David Bartenwerfer) causing all sorts of unnecessary delay and extra work and legal fees. Defendants clearly decided to attempt to intimidate Buckley and his counsel and to be as obstreperous as possible. Jury trial was set for August 27, 2012, and lasted close to a month, including trial call, pre-trial argument and closing statements. The days preceding trial and the trial itself were all-consuming. Pre-trial, Defendants served 32 Motions in Limine. Closing statements took place on September 24 and 25, 2012, and the jury was instructed on September 25; the Special Verdict form was 16 pages long *(see* Exh. A ("Verd. Form) to REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF PLAINTIFF KIERAN BUCKLEY FOR SUMMARY JUDGMENT (hereinafter, "Plaintiff's RJN")), and the jury was provided with 78 pages of instructions, many of which were specially prepared by counsel and the Court.

After three-plus years of hard-fought litigation, and a complex, almost month-long jury trial in San Francisco Superior Court, the jury found Bartenwerfer liable to Buckley in the amount of $444,671.00 on the following claims: (1) Breach of Contract, (2) Negligence, and (3) Seller Non-Disclosure of Material Facts. The jury returned its Special Verdict on September 27, 2012, finding that Bartenwerfer breached the contract (Verd. Form pp. 1-2), engaged in negligent construction (Verd. Form pp. 4-5), and failed to disclose material facts (Verd. Form pp. 9-10),[1] and awarding Plaintiffs damages

---

[1] The jury's finding of non-disclosure covered only the items of water leaks, window conditions, status of permits, and the fire escape issue.

MPA RE MOTION FOR SUMMARY JUDGMENT 2

that totaled $444,671.00. The jury found that Defendants did not make any affirmative false representations (Verd. Form pp. 5 and 7).

Pursuant to the Special Verdict, judgment was entered against Bartenwerfer in the amount of $444,671.00 (the "Judgment").[2] RJN Exh. B. On October 19, 2012, Bartenwerfer moved to vacate the Judgment (the "Motion to Vacate"), for judgment notwithstanding the verdict (the "Motion For JNOV"), and for a new trial (the "Motion For New Trial"). RJN Exhs. C, D, and E. In challenging the jury's award of *any amount* for the difference between the purchase price and the fair market value of the property, Defendants argued in each and every one of these motions precisely as follows:

> Here, the special verdict form makes clear that the jury determined that there was no fraud, intentional misrepresentation, or negligent misrepresentation committed by the Bartenwerfers, and awarded nothing for fraud. Because the jury found no fraud and awarded nothing for fraud, there can be no award for $300,000 and no legal basis upon which the jury make that award.

Motion For JNOV at p. 8; Motion For New Trial at 11, and Motion to Vacate at p. 8 (footnotes omitted in all instances). *See* footnote 2, *supra*, for breakdown of total damage award, including the $300,000 component thereof. In each of these motions, Defendants acknowledge that a damage award for the price/value differential arises from Cal. Civ. Code Section 3343 and refer to such an element of damages as "fraud damages."[3] In his opposition brief, Buckley responded that the award under Section 3343 was justified because the jury had found concealment, which is a subspecies of deceit or fraud. RJN Exh. F at p. 21.

These motions entailed extensive briefing by the parties, followed by a hearing. On November 15, 2012, in a 25-page Order, the Court ruled that Bartenwerfer's arguments regarding improper jury instructions and the Special Verdict form were all meritless. RJN Exh. G. The Court also ruled that Buckley provided proper opinion testimony regarding the fair market value of the Property to support a

---

[2]The total award was the sum of the following: heating system ($3,296); building permit and certification ($14,888); electrical ($11,449); plumbing ($15,980); water leakage ($48,981); windows ($20,000); fire escape ($5,076); difference between purchase price and fair market value ($300,000); inconvenience, anxiety, and embarrassment ($25,000). Verdict Form pp. 11-12.

[3]Subsection (a) of Cal. Civ. Code Section 3343 provides, in relevant part, as follows:

> One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction . . . .

*Id*.

MPA RE MOTION FOR SUMMARY JUDGMENT     3

verdict, albeit not the verdict rendered. The only argument found to have any merit was Bartenwerfer's "excessive damages" argument. As the Court stated on that argument, "[t]he evidence and law, which the Court relied upon in granting the remittitur, all involved issues as to the weight of the evidence; not issues about the existence of substantial evidence to support the verdict. There is quite substantial evidence to support the verdict and judgment in all regards." RJN Exh. G at p. 22. Nonetheless, the Court found that although Buckley was entitled to "stigma" damages, the jury award was excessive as it believed that, as to some defective conditions, a prospective purchaser would be satisfied with the funds received for cost of repair and would not ask for an additional discount from the purchase price for such items.

The State Court ruled that if Plaintiffs did not accept a $210,000.00 reduction in the verdict amount, a new trial would be granted (by lowering the price/value differential from $300,000 to $90,000), thereby reducing the damage award from $444,671 to $234,671. RJN Exh. G at p. 22. Having accepted the remittitur, Plaintiffs' verdict allowed them to recover $234,671.00 in damages. RJN Exh. H. On the day of the scheduled hearing on the motion for attorneys' fees the Bartenwerfers advised the court that he had filed bankruptcy and the matter was taken off calendar.

## II. STANDARD FOR SUMMARY JUDGMENT

A bankruptcy court may grant summary judgment when the pleadings and evidence demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant has the burden of proof. See *N. Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227 (9th Cir. 1997) [It is error to grant summary judgment simply because the opponent failed to oppose.]. Once that burden has been met, "the opponent must affirmatively show that a material issue of fact remains in dispute." *Frederick S. Wyle P.C. v. Texaco, Inc.,* 764 F.2d 604, 608 (9th Cir. 1985). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Instead, to demonstrate that a genuine factual issue exists, the objector must produce affidvits which are based on personal knowledge and the facts set forth therein must be admissible in evidence. *In re Aquaslide "N" Dive Corp.,* 85 B.R. 545, 547 (Bankr. 9th Cir.1987).

The issue preclusive effect of a prior state court judgment may serve as the basis for granting

summary judgment.  See *Khaligh v. Hadaegh* (*In re Khaligh*), 338 B.R. 817, 832 (Bankr. 9th Cir. 2006); see also *Grogan v. Garner*, 498 U.S. 279, 284 (1991) (the doctrine of issue preclusion applies in bankruptcy court proceedings seeking to except debts from discharge).

### III.  COLLATERAL ESTOPPEL IN NON-DISCHARGEABILITY CASES

The doctrine of collateral estoppel, or issue preclusion, provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  *Dowling v. United States*, 493 U.S. 342, 347 (1990) (citing *Ashe v. Swenson*, 397 U.S. 436 (1970)).  This doctrine, precluding the relitigation of issues, is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments. See *Lytle v. Household Mfg. Inc.*, 494 U.S. 545, 553 (1990); Allen v. McCurry, 449 U.S. 90, 94 (1980); *Montana v. United States*, 440 U.S. 147, 153–54 (1979).

The preclusive effect given to state-court judgments under the doctrine of collateral estoppel is a function of the full faith and credit statute.  See *Matter of Schwager*, 121 F.3d at 181 (citing *In re Garner*, 56 F.3d at 679 (5th Cir. 1995) (citing 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any [State] … shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken.").  Federal courts must give "full faith and credit" to the judgments of state courts.  28 U.S.C. § 1738.  In determining whether a state court judgment is entitled to preclusive effect in a bankruptcy proceeding, the bankruptcy court must apply the forum state's law of issue preclusion.  *Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1245 (9th Cir. 2001).

Collateral estoppel (issue preclusion) applies in nondischargeability proceedings and bars a party from relitigating any issue actually litigated and necessarily determined in a prior action; *see Grogan v. Garner,* 498 U.S. 279, 284-85 n. 11 (1991); *Honkanen v. Hopper (In re Honkanen),* 446 B.R. 373, 381-82 (Bankr. 9th Cir. 2011).  In the context of an action brought under 11 U.S.C. § 523(a), "[a] bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated in the prior action." *Grogan v. Garner*, 498 U.S. at 284.

## IV. COLLATERAL ESTOPPEL UNDER CALIFORNIA LAW

Since the question here involves the preclusive effect of a California state court judgment, California preclusion law applies. Under California law, the five requirements for issue preclusion are as follows:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Harmon*, 250 F.3d at 1245 (*quoting Lucido*, 51 Cal. 3d at 341). "[T]he public policies underlying collateral estoppel -- preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation -- strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy." *Lucido v. Superior Court*, 51 Cal. 3d at 343.

In determining whether the issues in a prior proceeding are identical to those in the subsequent proceeding, the Ninth Circuit has developed a list of four factors to be considered: (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding? (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? (4) how closely related are the claims involved in the two proceedings? *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999).

## V. FRAUD UNDER SECTION 523(A)(2)(a) AND UNDER CALIFORNIA LAW

In *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000), the Ninth Circuit reiterated the elements of an action under section 523(a)(2)(A): "The five elements, each of which the creditor must demonstrate by a preponderance of the evidence, are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. [citations omitted]"

MPA RE MOTION FOR SUMMARY JUDGMENT 6

Because direct evidence of intent to deceive (the scienter element) is rarely available, "the intent to deceive can be inferred from the totality of the circumstances, including reckless disregard for the truth." *Gertsch v. Johnson & Johnson, Fin. Corp.* (*In re Gertsch*), 237 B.R. 160, 167–68 (Bankr. 9th Cir. 1999); *Household Credit Servs., Inc. v. Ettell* (*In re Ettell*), 188 F.3d 1141, 1145 n.4 (9th Cir. 1999) ("reckless conduct could be sufficient to establish fraudulent intent"); *Houtman v. Mann* (*In re Houtman*), 568 F.2d 651, 656 (9th Cir. 1978) ("Reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct is sufficient to establish the knowledge element.").

Non-disclosure of facts that a party has a duty to disclose can provide the basis for liability under Bankruptcy Code Section 523(a)(2)(A):

> Concealment of a material fact that a party has a duty to disclose can support nondischargeability of a debt on the grounds of actual fraud. *Apte v. Japra, M.D., F.C.C., Inc. (In re Apte)*, 96 F.3d 1319, 1323-24 (9th Cir. 1996). Relying on the Restatement (Second) of Torts (1976) § 551, in *Apte*, the Ninth Circuit explained that one party to a business transaction is under a duty to exercise reasonable care to disclose to the other party facts basic to the transaction if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts. Id. at 1324.

*Mukherjee v. Sir (In re Sir)*, 2010 Bankr. LEXIS 1800, *29-*30 (Bankr. N.D. Cal. May 26, 2010). The Ninth Circuit has recognized and applied this principle in the context of real estate transactions. *Parks v. Angelus Block Co. (In re Parks)*, 2014 U.S. App. LEXIS 10583 (9th Cir. June 6, 2014).

California law provides that actual fraud involves conscious misrepresentation, or concealment, or non-disclosure of a material fact which induces the innocent party to enter into a contract. Cal. Civ.Code § 1572; *Odorizzi v. Bloomfield School Dist.*, 246 Cal. App. 2d 123 (1966). To prove actual fraud the plaintiff must prove: 1) defendant made a misrepresentation, concealment, or non-disclosure of a material fact; 2) defendant had knowledge that what he was saying was false; 3) defendant intended to induce plaintiff's reliance; 4) plaintiff justifiably relied; and 5) plaintiff suffered damage as a result. *Id*.[4]

---

 California Civil Code Section 1572: Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true
3. The suppression of that which is true, by one having knowledge or belief of the fact;

MPA RE MOTION FOR SUMMARY JUDGMENT 7

The finding of fraud under California law is identical to a finding of actual fraud under under § 523(a)(2)(A) of the Bankruptcy Code. *Younie v. Gonya* (*In re Younie*), 211 B.R. 367, 374 (Bankr. 9th Cir. 1997), *affd*, 163 F.3d 609 (9th Cir. 1998) (fraud and nondischargeability under § 523(a)(2)(A) have identical elements).

### VI. UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL, PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AGAINST DEFENDANTS UNDER BANKRUPTCY CODE SECTION 523(a)(2)(A)

As stated above, the Superior Court rejected the Bartenwerfers' argument that because there was no fraud, no damages under Cal. Civ. Code Section 3343 could be awarded. Had the Superior Court accepted the argument that there was no fraud, it could not have awarded damages for diminution in value and costs of repair under Section 3343. Instead, the Superior Court merely reduced the damage award under Section 3343, which flatly contradicts the proposition that there was no fraud. Thus, the Superior Court concluded that the Bartenwerfers committed fraud.

Although the Court did not make an express finding of fraud (e.g. knowing omissions of material information), such a finding was necessary to its decisions on the post-trial motions, which allowed fraud damages, and Defendants may no longer challenge such a finding:

> We are not limited to that 'which appears upon its face to have been so adjudged', but the judgment also embraces whatever is actually and necessarily included therein or necessary thereto. Parties are therefore estopped, by a former judgment, from contending for the contrary, not only as to the matters which appear to have been determined but also as to those which were necessarily involved therein or necessary thereto." *(Price v. Sixth District Agricultural Assn.*, 201 Cal. 502-511 [258 P. 387]; *Caminetti v. Board of Trustees*, 1 Cal. 2d 354-356 [34 P.2d 1021].)

*Servente v. Murray*, 10 Cal. App. 2d 355, 360 (1935).

Because all of the requirements of collateral estoppel are satisfied in this case with respect to the Bartenwerfers' fraud, the Court should award judgment to Buckley as a matter of law under Bankruptcy Code Section 523(a)(2)(A).

#### A. Identity of Issues

As stated above, a state court determination of fraud necessarily satisfies the elements of fraud under Section 523(a)(2)(A). *In re Younie*, 211 B.R. at 374. Thus, as a matter of law, the issues are

---

4. A promise made without any intention of performing it; or,
5. Any other act fitted to deceive.

MPA RE MOTION FOR SUMMARY JUDGMENT 8

identical. Moreover, there would be a substantial overlap between the evidence introduced in the state court litigation and the evidence that would be introduced in this adversary proceeding were it to proceed, the discovery in the state court litigation would already have covered the issues in this adversary proceeding, and the claim under Section 523(a)(2)(A) is closely related to – and indeed identical with – the non-disclosure claim already litigated.

### B. The Issue Was Actually Litigated

As shown above, Defendants argued in the Motion For JNOV, Motion For New Trial, and Motion to Vacate Judgment that fraud damages were unavailable because there was no fraud. There was a hearing on these motions after full briefing, and the Court approved (but reduced) the award of fraud damages. The issue of fraud was litigated.

### C. The Issue Was Necessarily Decided

The determination of whether there was fraud was necessary to the trial court's determination of whether Plaintiff could recover the price/value differential. Without making this determination, the trial court would have been unable to determine whether Plaintiff was entitled to all or any portion of this element of damages.

### D. The Decision In the Former Proceeding is Final and On the Merits

For the purposes of collateral estoppel, an appealed judgment may be determined as final, if the circumstances of the case show the appeal is effectively abandoned, the issue of res judicata is not raised, and no miscarriage of justice will occur by doing so. *Woods v. Herson*, 39 Cal.App.3d 737, 747-48 (1974). Defendants' appeal in this matter has been dismissed. Although Plaintiff has filed an appeal that challenges the remittitur, Plaintiff does not contend that there was no basis for fraud damages, so that issue has been finally decided.

### E. Parties Against Whom Preclusion Is Asserted Were Parties to Prior Proceeding

The Defendants in this adversary proceeding were also defendants in the state court action, so this requirement is satisfied.

### F. Public Policies and Fairness

As stated above, the state court action involved many days of testimony and numerous pre-trial and post-trial motions. Considerations of judicial economy weigh heavily in favor of Plaintiff's not

having to establish his fraud case again. Moreover, if this court ultimately determined that Defendants did not commit fraud, such a determination would undermine the integrity of the judicial system because the state court has already awarded an element of damages that presupposes the presence of fraud.

**VII.   Plaintiff Is Entitled to Damages and Attorneys' Fees**

As explained in footnotes 1 and 2, *supra*, the jury found that Defendants failed to disclose issues relating to water leaks (resulting in damages of $48,981), window conditions (damages of $20,000), status of permits (damages of $14,888), and the fire escape issue (damages of $5,076). Adding these figures leads to total repair costs of $119,670 relating to the non-disclosures. The entire amount for the value/cost differential, an element of fraud damages, was $90,000. Thus, the total amount of damages arising from the non-disclosures was $209,670.

As stated above, the Defendants filed their bankruptcy petition before the Superior Court could hear Plaintiff's motion for attorneys' fees. The Ninth Circuit Court of Appeals has held that prevailing creditors in nondischargeability proceedings are entitled to their contractual attorney's fees under state law if the bankruptcy court adjudicates a contract action in connection with the bankruptcy court proceeding. *Express Travel Related Servs. Co. v. Hashemi* (*In re Hashemi*), 104 F.3d 1122, 1126-27; *In re Baroff*, 105 F.3d 439, 442 (9th Cir.1997) (prevailing creditor can recover partial attorney's fees in nondischargeability action for litigation of contract enforcement question determined by the bankruptcy court). Moreover, where the applicable attorneys' fee provision would cover tort litigation arising from the contract, the creditor is entitled to its attorneys' fees in the nondischargeability litigation. *AT&T Universal Card Servs. v. Pham (In re Pham)*, 250 B.R. 93, 97-99 (Bankr. 9th Cir. 2000). Plaintiff intends to move for attorneys' fees and costs by separate motion after entry of judgment.

**VIII.   CONCLUSION**

For the reasons stated above, Plaintiff Kieran Buckley requests that the Court enter summary judgment in his favor.

Dated: April 17, 2015                    LAW OFFICES OF STEPHEN D. FINESTONE

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorney for Plaintiff Kieran Buckley