MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
MATTHEW J. OLSON (SBN 265908)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA  94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Defendants,
DAVID WILLIAM BARTENWERFER
and KATE MARIE BARTENWERFER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>DAVID WILLIAM BARTENWERFER and KATE MARIE BARTENWERFER<br><br>Debtors.<br><br>KIERAN BUCKLEY,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID WILLIAM BARTENWERFER and KATE MARIE BARTENWERFER,<br><br>Defendants. | Case No. 13-30827-HLB-7<br><br>Chapter 7<br><br>Adv. Pro. No. 13-03185-HLB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  June 4, 2015<br>Time:  2:00 p.m.<br>Place:  235 Pine Street, Courtroom 23<br>San Francisco, CA<br><br>Hon. Hannah L. Blumenstiel |

## INTRODUCTION

Nondischargeability under § 523(a)(2)(A) requires that the debtor make a knowing misrepresentation or nondisclosure of a material fact. The jury in the Superior Court proceedings in this case made no such finding. Rather, the jury found that the Bartenwerfers "should have known" of certain facts, found that Bartenwerfers did not make any knowing misrepresentations, and awarded the plaintiff, Kiernan Buckley, nothing on this claims for intentional fraud. When considering the totality of these facts, the jury's verdict is plain: the Bartenwerfers did not make a known misrepresentation or nondisclosure. Additionally, Buckley overstates the damages that could

1

be found nondischargeable, has not demonstrated a right to recover attorneys' fees, and offers the irrelevant declaration of Janet Brayer—which the Court should not consider. Hence, the Court should deny Buckley's summary judgment motion.

**FACTS**

The Bartenwerfers purchased the real property commonly known at 529 28th Street, San Francisco, California, (the "Property") in February 2005. *Complaint* ¶ 6. Between April 2005 and January 2008, the Bartenwerfers obtained a series of building permits and made improvements to the Property, including the addition of approximately 1,000 square feet of living space. *Id.* On January 28, 2008, Buckley—a general contractor—executed an agreement to purchase the Property for $2.1 million. Several addenda to the contract were executed, including delivery of the "3R" report by February 27, 2008, provision for certain repairs requested by Buckley, a $25,000 holdback to address permit issues, and a further $10,000 holdback to address heating issues. *Order Granting Remitter, et al.* 2:18–24.

Escrow closed on March 14, 2008; Buckley agreed to close escrow event though additional repairs were needed. The parties continued to negotiate and a number of repairs were completed, but disagreements between the parties regarding permit issues and other problems resulted in Buckley commencing a lawsuit in the Superior Court. That action, styled *Buckley v. Bartenwerfer*, San Francisco County Superior Court case number CGC-09-489793, (the "State-Court Action") contained causes of action for breach of contract, negligence, negligent misrepresentation, intentional misrepresentation, and seller's failure to disclose information in sale of real estate. Buckley sought general and special damages, interest, attorneys' fees, punitive damages, and rescission of the purchase. *Order Granting Remitter, et al.* 2:18–24.

Following a 17-day trial to a jury, the jury found in favor of Buckley on the breach of contract, negligence, and seller's failure to disclose information in sale of real estate claims, and in favor of the Bartenwerfers on the negligent misrepresentation and intentional misrepresentation claims. *Id.* Specifically, the jury found that the Bartenwerfers did not engage in conduct with malice, oppression, or fraud and did not intentionally or negligently misrepresent facts to Buckley:

///

2

CACI VF 1900 - Intentional Misrepresentation

12. Did David or Kate Bartenwerfer make one or more false representation[s] of an important fact to Kieran Buckley or his agent?

_____ Yes __X__ No

. . .

CACI VF 1903 – Negligent Misrepresentation

17. Did David or Kate Bartenwerfer make a false representation of an important fact to Kieran Buckley?

_____ Yes __X__ No

. . .

Of the total amount set forth above, how much, if any did you award for intentional fraud.

$_____0

. . .

CACI VF 3900 – Punitive Damages

Did Defendant David Bartenwerfer or Kate Bartenwerfer engage in the conduct with malice, oppression, or fraud?

_____ Yes __X__ No

*Verdict Form* at 5, 7, 13. The jury did find that certain facts were not disclosed to Buckley, but considering the totality of the verdict only found that the Bartenwerfers should have known these facts; not that they knew of the facts. The jury awarded total damages of $444,671, but the jury did not make any award for alleged fraud or punitive damages. *Id.* at 13. Following post-trial motions, the Superior Court reduced the damage award to $234,671. *Order Granting Remitter, et al.* 25; *Amended Judgment on Verdict in Jury Trial*.

The Bartenwerfers filed a voluntary Chapter 7 petition on April 8, 2013. This adversary proceeding followed.

## ANALYSIS

I. THE JUDGMENT ON THE FAILURE-TO-DISCLOSE CLAIM CANNOT SUPPORT A NONDISCHARGEABILITY COMPLIANT BECAUSE THERE WAS NO FINDING OF ACTUAL KNOWLEDGE OR INTENT.

Buckley's complaint in this adversary proceeding alleges a single cause of action—exception of his debt from the discharge under § 523(a)(2)(A) for alleged fraud. The jury in the State-Court

3

Action determined that the Bartenwerfers did not engage in fraud, and Buckley is precluded from attacking that determination by the jury, preventing him from proving an essential element of his § 523(a)(2)(A) claim. In his motion, Buckley admits that his entire adversary complaint is based upon the jury's finding of nondisclosure of material facts. The jury's specific factual finding upon which Buckley builds his entire nondischargeability complaint is as follows:

> CACI VF 1910 - Seller Non-Disclosure of Material Facts
>
> 23. Did David Bartenwerfer or Kate Bartenwerfer know *or reasonably should have known* of the water leaks, window conditions, status of permits and knew of the fire escape issue before the property was transferred to Kieran Buckley?

*Verdict Form* 9. This finding does not square with the requirements of a finding of fraud under § 523(a)(2)(A). Moreover, when reading the entire verdict, it is plain that that the jury found that the Bartenwerfers did not make any knowing fraudulent statement—or nondisclosure—as required to find a debt nondischargeable under § 523(a)(2)(A). Hence, the Court should deny Buckley's summary judgment motion.

Under Ninth Circuit law, to except a debt from discharge under § 523(a)(2)(A), the creditor must prove:

1. the debtor made representations that at the time the debtor knew to be false;
2. the debtor made those representations with the intention and purpose of deceiving the creditor (scienter);
3. the creditor justifiably relied on those representations; and
4. the creditor sustained losses as a proximate result of the debtor's representations.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F3d 1219, 1222 (9th Cir. 2010); *Apte v. Romesh Japra, M.D., F.A.C.C., Inc. (In re Apte)*, 96 F.3d 1319, 1322 (9th Cir. 1996); *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 350 (B.A.P. 9th Cir. 2012). Exceptions to discharge are construed strictly against creditors and in favor of debtors. *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir.1992); *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 999 (9th Cir.1983).

It is undisputed that the Court may apply issue preclusion in these proceedings provided that the factual findings below are identical to the elements required to prove the nondischargeability claim. *C.f. Grogan v. Garner*, 498 U.S. 279, 284 (1991) (bankruptcy court may apply issue

4

preclusion to those proven elements of state law claim that are identical to claim for nondischargeability). The factual findings made in the state court must support the elements under § 523(a)(2)(A) for the Court to apply issue preclusion:

> Collateral estoppel applies in bankruptcy courts only if, *inter alia,* the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question-that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue-and the facts supporting the court's findings are discernible from that court's record.

*Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 278 (5th Cir. 1994) (citing *Comer v. Comer (In re Comer),* 723 F.2d 737, 740 (9th Cir. 1984)). Here, the factual findings on the failure-to-disclose claim do not match the elements required to prove a § 523(a)(2)(A) claim.

The jury's finding that the Bartenwerfers, as sellers of real property, did not disclose material facts does not support a § 523(a)(2)(A) claim. The jury found that the Bartenwerfers "[knew] or reasonably should have known" of certain facts. *Verdict Form* 9. This finding does not square with the requirement under § 523(a)(2)(A) that the debtor making a knowingly false misrepresentation. Relying in *Apte*, Buckley argues that the finding of nondisclosure is, in and of itself, sufficient to support judgment under § 523(a)(2)(A). *Motion* at 7–8. While Buckley is correct that nondisclosure of a material fact may underpin certain elements of a § 523(a)(2)(A) claim, the nondisclosure still must be made *knowingly*. Tellingly, Buckley concedes that for the debt to be dischargeable, the Bartenwerfers must have known the facts that were not disclosed. *Motion* at 7:18–24.

The knowingly requirement is made clear by a reading of the *Apte* decision itself. In *Apte*, the debtor subleased certain office space to the creditor, but the debtor did not disclose that it was in default under the master lease, that the landlord had commenced an unlawful detainer action against the debtor, or that the master lease was subsequently terminated. 96 F.3d at 1320. The master lease also required the debtor to obtain the landlord's consent for creditor's tenant improvements; debtor did not obtain this consent and misrepresented this fact to the creditor. *Id.* After a hearing, the bankruptcy court found that the debtor had made material misrepresentations with intent to deceive, but found that the creditor's reliance on the misrepresentations was unreasonable and unjustifiable. *Id.* Based upon these findings, the bankruptcy court found the debt dischargeable. *Id.*

The Ninth Circuit reversed the bankruptcy court's decision, noting that "nondisclosure of a

5

material fact in the face of a duty to disclose has been held to establish the requisite *reliance and causation* for actual fraud under the Bankruptcy Code" *Id.* at 1323. The Ninth Circuit continued that the debtor was the sole source of information to the creditor, the debtor had a duty to disclose the information to the creditor, and had the information which was not disclosed. *Id.* at 1324. Because the failure to disclose established reliance and causation, the Ninth Circuit found that the bankruptcy court erred. *Id.*

The Court's decision in *Mukherjee v. Sir (In re Sir)*, No. 07-05147, 2010 WL 2179177 (Bankr. N.D. Cal. May 25, 2010), does not support the conclusion offered by Buckley. In *Sir*, the evidence before the court established that the Debtor knew of certain lawsuits that were not disclosed, but there was no showing that existence of the suits was material to the transaction. 2010 WL 2179177 at *9–*10. In this case, there was no finding that the Bartenwerfers knew of the defects, only that they should have known of certain defects.

What's more, Buckley's arguments the Superior Court's resolution of post-judgment motions misses the mark. While Buckley characterizes the Superior Court as finding fraud existed, passage cited by Buckley as supporting this proposition only shows a finding that the jury's verdict was supported by the evidence. *Order Granting Remitter, et al.* 22:16–21. To support a judgment for nondischargeability, the state court judgment must make specific factual findings as to the elements of the § 523 claim. *See Harmon v. Korbin (In re Harmon)*, 250 F.3d 1240, 1247–1248 (9th Cir. 2001) (express factual findings required to give default judgment preclusive effect because it is unclear if the state court considered and decided the issue); *see also Dennis*, 25 F.3d at 278.

While the jury's verdict on the issue of nondisclosure may address the reliance and causation elements of a § 523(a)(2)(A) claim, the verdict does not establish that the Bartenwerfers *knew* of the facts that were not disclosed. The express finding by the jury was that the Bartenwerfers "knew or *reasonably should have known*" of certain facts. *Verdict Form* 9. This does not meet the *knowingly* standard under § 523(a)(2)(A). Moreover, when reading the jury verdict as a whole, it is plain that the jury was convinced that the Bartenwerfers did not make a knowing misrepresentation—as demonstrated by their express findings that the Bartenwerfers did not make a false misrepresentation on the intentional misrepresentation claim and negligent misrepresentation claim, did not engage in

fraud, and awarded $0 for intentional fraud.

While the standard of proof for punitive damages in state court is higher than the standard of proof for discharge quality, the jury's refusal to award punitive damages is further indication of its finding that the Bartenwerfers did not engage in knowingly fraudulent conduct. As previously discussed, this conclusion is buttressed by the jury's findings that the Bartenwerfers did not make a false misrepresentation and awarded $0 for intentional fraud.

The Court should deny the motion.

## II. BUCKLEY OVERSTATES HIS DAMAGES CLAIM.

Buckley asserts that, in the event the Court enters summary judgment in his favor—and it should not—that his total amount of nondischargeable damages is $209,670. As Buckley notes, the nondisclosure question is limited to four issues: water leaks (damages of $48,981), window conditions (damages of $20,000), status of permits (damages of $14,888), and fire escape issues (damages of $5,076). Contrary to the assertion in Buckley's motion, the sum of these figures is $88,945. Assuming, without conceding, that the entire amount of the value/cost differential element is nondischargeable, Buckley's damages cannot exceed $178,945. The Court, however, should deny the motion and award Buckley nothing.

## III. BUCKLEY HAS NOT DEMONSTRATED THAT HE IS ENTITLED TO ATTORNEYS' FEES AND COSTS.

Buckley has not established that he is entitled to recover his attorneys' fees, either in this action or those incurred in the state-court proceedings. Buckley does not offer any evidence that the contract between him and the Bartenwerfers authorized the recovery of attorneys' fees or that the language of any such provision, if it exists, is broad enough to include tort damages. What's more, this Court has not been asked to decide any contract claims which could serve as a basis for an attorneys' fees award. The Court should deny the request for attorneys' fees.

## IV. THE DECLARATION OF JANET BRAYER IS NOT RELEVANT TO THE ISSUE BEFORE THE COURT AND SHOULD NOT BE CONSIDERED.

Buckley also offers the declaration of Janet Brayer in support of his motion for summary judgment. The declaration is notable for what it does not do—it does not provide any evidence to support Buckley's motion. All the declaration offers is a series of irrelevant and inflammatory

7

attacks on Mr. Bartenwerfer and Ms. Brayer's analysis of certain documents filed with the Superior Court. The testimony proffered by the declaration is not relevant to the matter before the Court—whether issue preclusion applies to support summary judgment—in that it does not have any tendency to make a fact more or less probable than it would be without the testimony nor does it relate to any facts of consequence. *See* Fed. R. Evid. 401; *see also Rutter Group Prac. Guide Fed. Civ. Trials & Ev.* Ch. 8B-A at 8:110 *et seq.* (discussing standard). While the relevancy hurdle may be low, the testimony offered in the Brayer Declaration has no bearing on the question before the Court: the jury's factual findings in the proceedings before the Superior Court.

Even if the material is relevant, paragraphs 5 through 8 of the Brayer Declaration have little probative value and are substantially outweighed by the unfair prejudice, confusing of issues, and waste of time resulting from admission of the testimony. Fed. R. Evid. 403. These paragraphs make various accusations regarding the conduct of discovery in the state court and contact between the parties completely unrelated to the factual findings made by the jury. Hence, they have little probative value. At the same time, these portions of the declaration result in unfair prejudice because they are plainly an attempt to paint the defendants, distract the Court from the actual findings by the jury, and waste time of the court because the matters discussed in these paragraphs does not relate in any way to the resolution of the pending summary judgment motion.

For these reasons, the declaration of Janet Brayer should be excluded.

## **CONCLUSION**

The jury was charged on the issue of misrepresentation of an important fact—the exact issue presented by Buckley's § 523(a)(2)(A) claim—and resolved that question in favor of the Bartenwerfers. The jury's finding that the Bartenwerfers "knew or reasonably should have known" of certain facts that were not disclosed does not change that conclusion and cannot support a finding on summary judgment that the Bartenwerfers knew of the facts that were not disclosed. Liability for § 523(a)(2)(A) only arises upon a showing of a knowing misrepresentation or nondisclosure, and reading the jury's verdict in total shows that the jury found no such knowing misrepresentation. Additionally, Buckley overstates the damages that could be found nondischargeable, has not demonstrated a right to recover attorneys' fees, and offers the inflammatory declaration of Janet

8

Brayer which offers nothing of value to these proceedings. Therefore, the Court should deny Buckley's summary judgment motion.

DATED: May 21, 2015  MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
 Matthew J. Olson
 Attorneys for Defendants,
 DAVID WILLIAM BARTENWERFER
 and KATE MARIE BARTENWERFER