Case: 16-1277, Document: 68-1, Filed: 10/04/2021, Page 1 of 1 (1 of 10)

Entered on Docket
October 05, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
(626) 229-7220

**TO:** Clerk, Bankruptcy Court, San Francisco District of Northern

**RE:** DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER

**CA No.:** 20-60021

**BAP No.:** NC-16-1277-BJuF

**Bkcy Court No.:** 13-30827

**Adv No.:** 13-03185

The judgment of this Panel entered on 12/22/2017 was appealed to the United States Court of Appeals for the Ninth Circuit.

Attached is a copy of the mandate of the Court of Appeals received on 10/05/2021.

The Court of Appeals AFFIRMED IN PART, REVERSED IN PART the BAP decision.

Susan M Spraul, BAP Clerk

By: Cecil Lizandro Silva, Deputy Clerk
Date: October 4, 2021

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,<br><br>        Debtors,<br>-------------------------------<br>KIERAN BUCKLEY,<br><br>        Appellant,<br><br>  v.<br><br>DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,<br><br>        Appellees. | No.   20-60021<br><br>BAP No. 16-1277<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Jury, and Faris, Bankruptcy Judges, Presiding

| | |
|---|---|
| In re: DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,<br><br>        Debtors,<br>_____ | No.   20-60023<br><br>BAP No. 19-1016 |

---

       * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KIERAN BUCKLEY,

        Appellant,

  v.

DAVID WILLIAM BARTENWERFER;
KATE MARIE BARTENWERFER,

        Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Brand, Bankruptcy Judges, Presiding

| | |
|---|---|
| In re: DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER, | No. 20-60024 |
| Debtors, | BAP No. 16-1277 |
| ------------------------------ | |
| DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER, | |
|     Appellants, | |
|   v. | |
| KIERAN BUCKLEY, | |
|     Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Jury, and Faris, Bankruptcy Judges, Presiding

2

Argued and Submitted July 29, 2021
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and HUCK,** District Judge.

As partners, David and Kate Bartenwerfer renovated a house in San Francisco, California and sold it to Kieran Buckley. Shortly after the sale, Buckley alleged defects in the house and sued the Bartenwerfers in California state court for (1) breach of contract, (2) negligence, (3) nondisclosure of material facts, (4) negligent misrepresentation, and (5) intentional misrepresentation. The jury found in Buckley's favor on his breach of contract, negligence, and nondisclosure of material facts claims and against him on his remaining claims and awarded him damages. The Bartenwerfers filed for bankruptcy.

In the bankruptcy court, Buckley initiated an adversary proceeding against the Bartenwerfers, arguing that the state court judgment against the Bartenwerfers could not be discharged in bankruptcy under 11 U.S.C. § 523(a)(2)(A), which provides that a debtor cannot discharge debt that was obtained through fraud. The bankruptcy court agreed and held that the portion of the state court judgment that was traceable to Buckley's nondisclosure claim was nondischargable. The bankruptcy court found that the Bartenwerfers intended to deceive Buckley and held that Mr. Bartenwerfer

---

** The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

3

had actual knowledge of the false representations made to Buckley and that Mr. Bartenwerfer's fraudulent conduct could be imputed onto Mrs. Bartenwerfer because of their partnership relationship. Additionally, the bankruptcy court declined to apply collateral estoppel in favor of the Bartenwerfers based on the jury's findings of no intentional fraud. On appeal, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's collateral estoppel ruling, but, adopting the Eight Circuit's "knew or should have known" standard from *Walker v. Citizens State Bank*, 726 F.2d 452 (8th Cir. 1984), remanded the imputed liability finding and instructed the bankruptcy court to determine whether Mrs. Bartenwerfer "knew or should have known" of Mr. Bartenwerfer's fraud. On remand, after an evidentiary hearing, the bankruptcy court held that Mr. Bartenwerfer's fraud could not be imputed onto Mrs. Bartenwerfer because she did not know of the fraud. The BAP affirmed.

Buckley appeals the BAP's decision affirming the bankruptcy court's nondischargeability judgment in favor of Mrs. Bartenwerfer. On cross-appeal, the Bartenwerfers argue that collateral estoppel should apply to bar Buckley's § 523(a)(2)(A) claim. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm in part and reverse in part.

We begin with the Bartenwerfers' cross-appeal. The Bartenwerfers argue that collateral estoppel applies because the state court jury found in their favor on

Buckley's intentional misrepresentation claim. The jury found in favor of Buckley on his nondisclosure of material facts claim against the Bartenwerfers, but not on his intentional misrepresentation claim. These two findings are conflicting, or at least ambiguous, which weigh against applying collateral estoppel. *See In re Kelly*, 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995) ("Any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the collateral estoppel effect."), *aff'd*, 100 F.3d 110 (9th Cir. 1996). We affirm on this issue.

In his appeal, Buckley argues that the bankruptcy court erred by failing to apply binding Supreme Court and Ninth Circuit precedent to the question of whether to impute Mr. Bartenwerfer's fraud onto his partner, Mrs. Bartenwerfer, and by holding that the fraud was not imputed. Buckley is correct. Applying basic partnership principles,

> if, in the conduct of partnership business, . . . one partner makes false or fraudulent misrepresentations of fact to the injury of innocent persons, . . . his partners cannot escape pecuniary responsibility therefor upon the ground that such misrepresentations were made without their knowledge. This is especially so when . . . the partners, who were not themselves guilty of wrong, received and appropriated the fruits of the fraudulent conduct of their associate in business.

*Strang v. Bradner*, 114 U.S. 555, 561 (1885); *see also In re Cecchini*, 780 F.2d 1440, 1444 (9th Cir. 1986) (holding a partner responsible for a tortfeasor/partner's fraud when the fraud was performed "on behalf of the partnership and in the ordinary course of the business of the partnership"), *overruled in other part by Kawaauhau*

5

*v. Geiger*, 523 U.S. 57 (1998). Mrs. Bartenwerfer's debt is nondischargeable regardless of her knowledge of the fraud. By rejecting *Strang* and *Cecchini*, in favor of the "knew or should have known" standard, the bankruptcy court applied the incorrect legal standard for imputed liability in a partnership relationship. We reverse the bankruptcy court's judgment regarding imputed liability against Mrs. Bartenwerfer under § 523(a)(2)(A), and we remand to the bankruptcy court with instructions to enter judgment in favor of Buckley and against Mrs. Bartenwerfer.

We need not address the remaining issues raised on Buckley's direct appeal.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 04 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,<br><br>                Debtors,<br><br>------------------------------<br><br>KIERAN BUCKLEY,<br><br>                Appellant,<br><br>  v.<br><br>DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,<br><br>                Appellees. | No. 20-60021<br><br>BAP No. 16-1277<br><br>BAP, San Francisco Bankruptcy Court<br><br>**MANDATE** |
| In re: DAVID WILLIAM BARTENWERFER and KATE MARIE BARTENWERFER,<br><br>                Debtors,<br><br>------------------------------<br><br>KIERAN BUCKLEY,<br><br>                Appellant, | No. 20-60023<br><br>BAP No. 19-1016<br><br>BAP, San Francisco Bankruptcy Court |

v.

DAVID WILLIAM BARTENWERFER
and KATE MARIE BARTENWERFER,

      Appellees.

---

In re: DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,

      Debtors,

------------------------------

DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,

      Appellants,

v.

KIERAN BUCKLEY,

      Appellee.

No. 20-60024

BAP No. 16-1277

BAP, San Francisco Bankruptcy Court

The judgment of this Court, entered August 12, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellees/cross appellants in the amount of $728.61.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7