Janet Brayer (117397)
LAW OFFICES OF JANET BRAYER
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 445-9555
Facsimile: (415) 445-9541

Greg Groeneveld (SBN 163833)
Christopher Tirrell (SBN 310621)
Law Offices of Greg Groeneveld
5 Third St., Suite 1100
San Francisco, CA 94103
Telephone: 415 308 3637
Email: Greg@GregGroeneveldLaw.com

Attorneys for Plaintiff KIERAN BUCKLEY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>DAVID WILLIAM BARTENWERFER,<br>KATE MARIE BARTENWERFER<br><br>DEBTORS<br><br>KIERAN BUCKLEY,<br><br>PLAINTIFFS,<br><br>V<br><br>DAVID WILLIAM BARTENWERFER<br>KATE MARIE BARTENWERFER,<br><br>DEFENDANTS. | Case. No. 13-30827-HLB-7<br><br>CHAPTER 7<br><br>Adv. Proc. No. 13-03185-HLB<br><br>**REPLY IN SUPPORT OF PLAINTIFF KIERAN BUCKLEY'S MOTION TO CONFIRM THAT STAY DOES NOT PREVENT RENEWAL OF JUDGMENT OR FOR RELIEF FROM STAY**<br><br>*Note: Per General Order 38 the Hearing Will be Conducted by Telephone or Video –*<br>*www.canb.uscourts.gov/calendars*<br><br>**Date: July 14, 2022**<br>**Time: 1:00 p.m.**<br>**Place: Courtroom 19**<br>**Hon. Hannah L. Blumenstiel** |

Kieran Buckley's motive in filing his motion is straightforward and transparent -- he wants to make certain that he still has a valid judgment for the full amount awarded after the Supreme Court makes its ruling. The Opposition provides no persuasive reason why he should not have this certainty.

Buckley believes that the proper date of the judgment entered in this Court is April 19, 2016, and that this Court's judgment will not expire until April 19, 2026. However, as the state court judgment was entered on October 4, 2012 and is approaching ten years, Buckley would like to confirm that this Court considers the judgment it has entered to be for the full amount of all sums awarded Buckley including the amounts declared nondischargeable by this Court and also the amounts of attorneys' fees and costs awarded in the state court and liquidated by this Court. Buckley would also like to avoid any potential arguments over the proper date of this Court's judgment. Therefore, Buckley seeks to renew this Court's judgment before the date of expiration of the state court judgment and also to renew the state court judgment for the amount declared non-dischargeable and associated costs and fees.

The opposition paperwork argues that there should be no change in the *status quo* while the matter is before the U.S. Supreme Court. Buckley largely agrees with that. Renewal of a judgment does not change the status quo but "only extends the effectiveness of the original judgment." *In re Zavala*, 505 B.R. 268 (C.D. Cal. 2014). Thus, renewal of the judgment affords Buckley the certainty that the *status quo* will be maintained while both sides await the Supreme Court's decision.

The opposition points out that the state court judgment and the judgment entered by this court are for different amounts. This is true but inconsequential. Buckley will only renew the non-dischargeable amounts in state court along with the state court costs liquidated by this Court. The Ninth Circuit specifically anticipated the possibility of two separate judgments in *In re Sasson* and noted that even if there are two, the judgment creditor can have only one satisfaction. 424 F.3d 864, 874 fn6 (9th Cir. 2005) If the Defendants wish some kind of order stating that Buckley can only collect his judgment once, Buckley will not object. Having waited over 9 years, Buckley would like to be paid all he is due but he only seeks to be paid that once.

The Defendants complain that a renewed judgment in California earns interest on the total amount of the judgment renewed and, thus, earns interest on the accrued interest. This is true but it is the choice made by the California Legislature and applies to all California judgments. If the Defendants

believe this should not be the case, their complaints are properly directed to the California Legislature which has chosen to create an incentive for people to satisfy their judgments.[1]

Kieran Buckley's motive for his filing is clear. He wants to make sure that he still has an enforceable judgment for the full amount entered after the Supreme Court makes its ruling. If the Supreme Court rules entirely in Kate Bartenwerfer's favor, he will not have a judgment against her. While Buckley is aware of no reason that Kate Bartenwerfer could be entitled to anything more than costs if she is successful, extending the life of the judgment will have no effect on her ability to make those arguments.

Neither Kate Bartenwerfer nor David Bartenwerfer will be prejudiced if Buckley is able to confirm that the full amount of the judgment has been entered by this court and that it will be enforceable for another 10 years. Obviously, Buckley makes this motion because of the very substantial prejudice he would suffer if it were later determined that part of his judgment has expired, and he makes this motion precisely to avoid the possibility of suffering that prejudice.

Dated: July 5, 2022

                                              s/ Christopher Tirrell
                                              Christopher Tirrell
                                              *Attorney for Plaintiff Kieran Buckley*

---

[1] Judge Ahart specifically addresses this issue and the limit imposed on the second and subsequent renewals in his treatise stating "("For judgments not previously renewed, an application to renew may be filed any time prior to expiration of the 10-year enforcement period …. However, as to judgments previously renewed, no new application for renewal can be filed for five years. (This is to prevent judgment creditors from frequently renewing judgments merely to compound interest, ¶ 6:68.) [CCP § 683.110(b) and Comment thereto; Fam.C. § 291(c)(2); OCM Principal Opportunities Fund v. CIBC World Markets Corp., supra, 168 CA4th at 196-197, 85 CR3d at 357-358" Hon. Alan M. Ahart, Period During Which Judgment Enforceable; Renewal Procedures, Cal. Prac. Guide Enf. J. & Debt Ch. 6A-7 (6:63).