**Entered on Docket**
**July 13, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: July 13, 2022

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 13-30827 HLB |
| DAVID WILLIAM BARTENWERFER and KATE MARIE BARTENWERFER, | ) Chapter 7 |
| Debtors. | |
| KIERAN BUCKLEY, | ) Adv. Proc. No. 13-3185 HLB |
| Plaintiff, | |
| v. | |
| DAVID WILLIAM BARTENWERFER and KATE MARIE BARTENWERFER, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONFIRM THAT STAY DOES NOT PREVENT RENEWAL OF JUDGMENT OR FOR RELIEF FROM STAY**

This case is scheduled to come before the court on July 14, 2022 for a hearing on Plaintiff Kieran Buckley's Motion to Confirm that Stay Does Not Prevent Renewal of Judgment or for Relief from Stay.[1] Defendants/Debtors David and Kate Bartenwerfer (the "Bartenwerfers") have opposed the Motion.[2] Mr. Buckley replied.[3] Having reviewed the pleadings and the

---

[1] Dkt. 315 (the "Motion").

[2] Dkt. 317.

[3] Dkt. 318.

materials in support thereof, the court will exercise its discretion under B.L.R. 9013-2(a) to rule on the Motion without oral argument. For the reasons and to the extent articulated below, the court will grant the Motion in part and deny it in part and will vacate the July 14 hearing.

On October 4, 2012 the Superior Court of San Francisco entered a judgment in Mr. Buckley's favor against the Bartenwerfers for $444,671.[4] The Bartenwerfers commenced the underlying Chapter 7 case shortly thereafter.[5]

Mr. Buckley then filed this adversary proceeding to prevent a discharge of the State Judgment.[6] On April 19, 2016, this court entered a judgment in Mr. Buckley's favor[7] which, following several amendments,[8] included: (1) a declaration that a portion ($153,945) of "[t]he damages awarded by the state court . . . [are] non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)"; (2) a nondischargeable award of attorney's fees incurred during the state-court action; and (3) a nondischargeable award of costs incurred in the adversary proceeding.[9]

---

[4] Dkt. 315-1 (the "State Judgment"), p. 18. The damages awarded by the State Judgment were subsequently reduced to $234,671. Dkt. 69, p. 4.

[5] Bankr. Case No. 13-30827, Dkt. 1.

[6] Complaint to Determine Dischargeability of Debt 11 U.S.C. Section 523(a)(2) (Dkt. 1).

[7] Dkt. 70 (the "Bankruptcy Judgment").

[8] See Dkts. 94, 108, 125, 140, and 143.

[9] See Dkt. 143 at p. 2. The Bankruptcy Judgment, as amended, also includes awards of pre- and post-petition interest on the nondischargeable state-court damages and attorney's fees. Id.

The Bartenwerfers appealed[10] and obtained "a stay of the enforcement of [the Bankruptcy Judgment] pending the outcome of appeal."[11] A series of appeals of the Bankruptcy Judgment followed, the most recent of which is now pending before the Supreme Court of the United States.[12] The Stay Order remains in effect.[13]

On June 16, 2022, out of apparent concern for California's 10-year limitations period on the enforcement of money judgments,[14] Mr. Buckley filed the instant Motion, seeking confirmation that the Stay Order does not prevent renewal of the Bankruptcy and/or State Judgments. Alternatively, Mr. Buckley seeks relief from the Stay Order to effectuate such renewals.

In opposition, the Bartenwerfers do not address the legal interaction between the Stay Order and judgment renewal. Rather, they question Mr. Buckley's motivation in seeking renewal, given that the Bankruptcy Judgment does not expire until 2026. They

---

[10] Dkt. 107.

[11] Defendants' Motion to Stay Pending Appeal (Dkt. 164); Order Granting Motion for Stay Pending Appeal (Dkt. 172).

[12] See, e.g., Memorandum by Bankruptcy Appellate Panel Judges Brand, Jury and Faris, re: Appeal on Civil Action Number: NC-16-1277-BJuF, NC-16-1299-BJuF, Affirmed in Part, and Vacated and Remanded in Part (Dkt. 179); Memorandum Decision Following Remand (Dkt. 200); Judgment Following Remand (Dkt. 204); Notice of Appeal to BAP filed by Plaintiff Kieran Buckley (Dkt. 210); Memorandum by Bankruptcy Appellate Panel Taylor, Faris, Brand, re: Appeal on Civil Action Number(s): NC-19-1016-TaFB and NC-19-1025-TaFB, Affirmed (Dkt. 280); Mandate by 9th Circuit Court of Appeals, Deputy Clerk, Cecil Silva. CA No.: 20-60021. BAP No. NC-16-1277-BJuF (Dkt. 290); Judgment Following Remand (Dkt. 300); Notice regarding Granting of Petition for Writ of Certiorari (Dkt. 312).

[13] See Dkts. 273 and 306.

[14] See Cal. Civ. Proc. Code ("CCP") § 683.020. Under this rule, the State Judgment is set to expire on October 4, 2022.

also argue that allowing renewal at this point would be premature. The Bartenwerfers are incorrect.

Renewal of a judgment in federal court "must accord with the procedure of the state where the court is located."[15] Under California law, the first-time renewal of a judgment can occur at any time within 10 years,[16] and may be effectuated "notwithstanding any stay of enforcement of the judgment, but the renewal of the judgment does not affect the stay of enforcement."[17]

Given that fewer than 10 years have elapsed since entry of the State and Bankruptcy Judgments, neither of which have been renewed, Mr. Buckley is within his rights to renew them notwithstanding and without affecting the Stay Order. Because renewal is a purely "ministerial act, involving only the clerk of court processing a form,"[18] Mr. Buckley can obtain valid renewals without this court's permission or approval.

Nonetheless, the court will address here an apparent point of confusion regarding the renewal process. In their papers, both parties have expressed concern regarding the ongoing effect of the State Judgment and the corresponding scope of the

---

[15] Fed. R. Civ. P. 69(a)(1), made applicable by Fed R. Bankr. P. 7069. See also In re Romano, 371 F. App'x 729, 730 (9th Cir. 2010); Fid. Nat. Fin., Inc. v. Friedman, 855 F. Supp. 2d 948, 962 (D. Ariz. 2012) (citing In re Est. of Ferdinand E. Marcos Hum. Rts. Litig., 536 F.3d 980, 988 (9th Cir. 2008)) ("There is no federal statute specifically governing renewal of judgments.").

[16] CCP § 683.130(a) ("[T]he application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability.").

[17] CCP § 683.210.

[18] Rubin v. Ross, 65 Cal. App. 5th 153, 165 (2021), review denied (Aug. 25, 2021) (citing Goldman v. Simpson, 160 Cal. App. 4th 255, 262 (2008)).

Case: 13-03185    Doc# 319    Filed: 07/13/22    Entered: 07/13/22 12:31:17    Page 4 of 7

Bankruptcy Judgment. The Bartenwerfers presume the latter has superseded the former and worry that renewing both will confuse the record with duplicative judgments. Similarly, Mr. Buckley submits that the Bankruptcy Judgment entailed entry of an award of the damages declared nondischargeable, in addition to the declaration of nondischargeability. The court respectfully disagrees with both parties.

The language of the Bankruptcy Judgment[19] declares a portion of the damages awarded by the State Judgment nondischargeable but does not reenter an award of such damages in this court.[20] The State Judgment therefore appears independently and crucially operative, as a predicate to the Bankruptcy Judgment's declaration of nondischargeability.

Accordingly, it is **ORDERED**:

**1.** The Motion is hereby **GRANTED** to the extent it seeks confirmation that the Stay Order does not prevent renewal of the Bankruptcy Judgment and/or the State Judgment. Mr. Buckley may follow applicable procedures to accomplish such renewal(s).

**2.** The Motion is **DENIED** to the extent it requests any other relief from the court. The court takes no position as to the substance of any renewal application, including as to any amounts set forth therein.

---

[19] Specifically, the Bankruptcy Judgment provides: "The *damages awarded by the state court* for [certain enumerated bases], for a total debt in the amount of $153,945.00, plus interest thereon accruing at 10% per annum from October 4, 2012 forward, *are hereby declared non-dischargeable* pursuant to 11 U.S.C. § 523(a)(2)(A)." Dkt. 143, p. 2.

[20] Although Mr. Buckley is correct in pointing out that the court had authority to enter such a money judgment, e.g., In re Sasson, 424 F.3d 864, 874 (9th Cir. 2005), it is clear from the Bankruptcy Judgment that the court did not do so.

**3.** The July 14 hearing on the Motion is hereby **VACATED.**

**\*\*END OF ORDER\*\***

## Court Service List

[None]